IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN JONES, #K56957, | ) |
| | ) |
|         Plaintiff, | ) |
| vs. | ) |
| | )   Case No. 3:19-cv-01307-SMY |
| BART LINN, *et al.*, | ) |
| | ) |
|         Defendants. | ) |

# ORDER

Plaintiff Brian Jones, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights. This matter is before the Court on the Order to Show Cause issued on September 23, 2021 (Doc. 65) related to Plaintiff's Motion to Compel (Doc. 63). Defendants filed a belated response to the Order (Doc. 70).

## Background

The Court entered an Initial Scheduling and Discovery Order in this lawsuit on March 19, 2021 which required Defendants to serve Initial Disclosures on Plaintiff on or before May 3, 2021 (Doc. 37). In violation of the Court's Order, Defendants failed to provide Plaintiff with the disclosures by the deadline, and Plaintiff filed a motion seeking to compel the disclosures on May 17, 2021 (Doc. 44). On June 2, 2021, Defendants filed a response to Plaintiff's Motion to Compel and simultaneously filed a motion for an extension of time to serve the disclosures (Docs. 46, 47). Defendants stated they were "in the process of completing their Initial Disclosures and requesting all necessary documents" and "need[ed] additional time to complete the Initial Disclosures." (Doc. 47, p. 2). Defendants were granted the extension and ordered to serve Plaintiff with the disclosures by July 1, 2021 (Doc. 48).

Again in violation of the Court's Order, Defendants failed to serve the disclosures on Plaintiff by July 1, 2021. Plaintiff filed a second Motion to Compel on July 12, 2012 (Doc. 57). Two weeks later, on July 26, 2021, Defendants filed a response opposing Plaintiff's Motion to Compel (Doc. 59) and requesting a second extension to provide the disclosures (Doc. 60). In the second request for an extension, Defendants' counsel stated that "[t]he new deadline was not added to the undersigned's calendar and he did not request the documents until recently. The Defendants have already requested the documents and are in the process of receiving everything responsive." (Doc. 60, p. 2). The Court granted Defendants' request for a second extension and ordered them to serve the disclosures no later than August 16, 2021 (Doc. 61). The August 16, 2021 deadline came and went, and Defendants once again failed to serve Plaintiff with Initial Disclosures in compliance with this Court's orders.

Plaintiff filed a third Motion to Compel on September 8, 2021 (Doc. 63). On September 22, 2021, Defendants responded in opposition to Plaintiff's motion, stating that they mailed the disclosures to Plaintiff on that day, but providing no explanation as to why the deadline was missed. Based on Defendants' representation that the discovery had been mailed, the Court denied Plaintiff's motion to compel. However, given Defendants' failure to serve the disclosures for over four months and repeated disregard of this Court's Orders, Defendants were ordered to show cause as to why sanctions should not be imposed pursuant to Rule 37.

## Discussion

Under Federal Rule of Civil Procedure 37, district courts have the power to impose appropriate sanctions for violations of discovery orders. Specifically, Rule 37(b)(2)(A) provides for the following sanctions for a party failing to obey a court order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the

        prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)    striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vi)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

While fines are not specifically included in the non-exclusive list of sanctions in Rule 37(b)(2), they are among the tools available to trial courts to remedy the harms of discovery violations. *Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003), *overruled on other grounds by Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772 (7th Cir. 2016). Fines are appropriate especially where they are "remedial" and correspond to some real cost such as the Court's time. *Id.*

    The Court also has "inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct," including misconduct related to discovery. *Ramirez.*, 845 F.3d at 776. Sanctions are warranted if a party "has willfully abused the judicial process, or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins. Co.,* 800 F. 3d 397, 401 (7th Cir. 2015). "In deciding what measure of sanctions to impose, the district court should consider the egregiousness of the conduct in question in relation to all aspects of the judicial process." *Greviskes v. Universities Research Ass'n*, 417 F.3d 752, 759 (7th Cir. 2005) (citation and quotation marks omitted).

    It's understandable that Defendants missed the first deadline to produce the Initial

Disclosures due to a breach of the Attorney General's Office computer system and network in April 2021, which resulted in the loss of Defense Counsel's access to his calendar. However, missing the next two deadlines cannot be brushed off as mere inadvertence or mistake. Rather, it demonstrates inexcusable neglect and indifference to court rules and orders. Moreover, Defendants' response to the Order to Show Cause does not excuse Counsel's repeated violation of court orders and deadlines. Although the undersigned appreciates Counsel's apology and busy workload, this conduct warrants sanctions.

"Time is no less valuable to a court than it is to an attorney. The court must set prescribed times, dates, and deadlines, and the attorneys must respect and comply with these deadlines, which need to be enforced if the court is going to properly manage its calendar." *Rice v. City of Chicago*, 333 F.3d 780, 785 (7th Cir. 2003). Here, Defendants' violations have delayed this matter and necessitated the Court's intervention. Plaintiff had to file several motions to obtain basic discovery and presumably had to use valuable law library time to draft those motions as opposed to researching and litigating the merits of his case. Time consumed administering needless or unnecessary discovery disputes is taken from other litigants, who must wait in a longer queue for judicial attention.

While the sanctions set forth in Rule 37(b)(2)(A)(i)-(vi) are too drastic under the circumstances, the Court finds that a monetary sanction is appropriate. **ACCORDINGLY**, Defendants are **SANCTIONED** in the amount of **$500.00** to be paid into the Court within 30 days of the date of this Order.

    IT IS SO ORDERED.

    DATED:  November 30, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
