IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN JONES #K56957,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-CV-1307-SMY |
| | ) |
| **MAC-SHANE FRANK, et al,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On March 15, 2024, the Court entered an order granting summary judgment with respect to all the pending counts except for Count 4 (Doc. 184). Plaintiff now moves for reconsideration of the Order pursuant to Federal Rule of Civil Procedure 59[1] with respect to the granting of summary judgment as to Counts 2, 3, and 9 only (Doc. 188).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). Relief sought under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Motions for reconsideration are not appropriate vehicles for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been raised

---

[1] Plaintiff does not specifically cite to the Federal Rules of Civil Procedure, but repeatedly requests that this Court reconsider its summary judgment rulings. Accordingly, this Court will consider Plaintiff's arguments under Rule 59.

during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). In other words, a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Here, Plaintiff primarily reiterates arguments he made in response to the summary judgment motion (Doc. 175). Specifically, Plaintiff argues that that there is evidence in the record that Defendant Wangler retaliated against him (Counts 2, 3) and that the Adjustment Committee failed to give him opportunities to exculpate himself (Count 9). But Plaintiff does not present newly discovered evidence or establish that the Court made a manifest error of law or fact. Accordingly, the Motion for Reconsideration (Doc. 188) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  April 12, 2024**

**STACI M. YANDLE**
**United States District Judge**