## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRIAN JONES, #K56957** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. **19-cv-1307-SMY** |
| v. | ) | |
| | ) | |
| **MAC-SHANE FRANK,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

**YANDLE, District Judge:**

Before the Court are Plaintiff's Rule 26(a)(3) Disclosures (Doc. 196), Defendant's Objections to Plaintiff's Rule 26(a)(3) Disclosures (Doc. 201), Plaintiff's Response to Defendant's Objections to his Rule 26(a)(3) Disclosures (Doc. 205), Defendant's Motions *in Limine* (Doc. 195), Plaintiff's Response to Defendant's Motions *in Limine* (Doc. 197), and Plaintiff's Motion to Request Blank Witness Subpoenas (Doc. 204). The Court conducted a hearing on these matters on August 29, 2024.

Having considered the parties' written submissions and arguments, and for the following reasons and those more fully stated on the record, **THE COURT RULES AS FOLLOWS:**

### <u>Defendant's Motions *in Limine* (Doc. 195)</u>

#1. Defendant seeks to bar Jones from suggesting that the State of Illinois will indemnify the Defendants. The motion is **GRANTED** without objection.

#2. Defendant seeks to prohibit Jones from offering any evidence or testimony about any other lawsuits the Defendant may have been involved in. The motion is **GRANTED** over objection.

#3.  Defendant seeks to bar Jones from offering any evidence regarding any misconduct, reprimand, or other grievance issued against Defendant in this case.  The motion is **GRANTED** over objection.

#4.  Defendant seeks to prohibit Johnson from offering evidence or testimony referencing the "Golden Rule" appeal.  The motion is **GRANTED** without objection.

**<u>Plaintiff's Rule 26(a)(3) Disclosures (Doc. 196), Defendant's Objections to Plaintiff's Rule 26(a)(3) Disclosures (Doc. 201), and Plaintiff's Response to Defendant's Objections to his Rule 26(a)(3) Disclosures (Doc. 205)</u>**

Jones disclosed the following witnesses in his Rule 26(a)(3) Disclosures:  Brian Jones (Plaintiff), Mac-Shane Frank (Defendant), Scott Thompson, Billy Stanhouse, Bart Lind, J. Reid, and the Records Custodian for Pinckneyville Correctional Center.  Defendant objects to Scott Thompson, Billy Stanhouse, Bart Lind, and J.Reid.  The Court **SUSTAINS** Defendant's objections as to Scott Thompson, Billy Stanhouse, and Bart Lind because it finds that their testimony would not be relevant and probative to Jones' claim against Mac-Shane Frank.  The Court also **SUSTAINS** Defendant's objection as to J. Reid because Jones failed to properly disclose J. Reid as a potential witness.  Jones is, therefore, barred from presenting any evidence or testimony from Scott Thompson, Billy Stanhouse, Bart Lind, and J. Reid.

As it relates to the Records Custodian for Pinckneyville Correctional Center, Defendant stipulated during the final pretrial conference to the authenticity of records from Pinckneyville Correctional Center.  Accordingly, the Records Custodian is not a relevant and necessary witness unless the authenticity of official Pinckneyville Correctional Center documents is challenged by Defendant during trial.

Plaintiff disclosed numerous exhibits in his Rule 26(a)(3) Disclosures including:  various grievances, email communications, an internal affairs report, a letter authored by Plaintiff, a

recorded conversation between Plaintiff to his family members, and Plaintiff's declaration in support of his response to Defendants' summary judgment motion.

As it relates to Plaintiff's grievances, Plaintiff can put in to evidence the grievances that he asserts are the reason that Defendant retaliated against him.  If those grievances are admitted into evidence, the jury will be instructed that they can only consider them to show that the grievances were filed and when they were filed in relationship to the conduct Plaintiff alleges was protected activity in this case.  The jury will be instructed not to consider the substance of the grievance or what was being complained of.  As such, Defendant's objection is **SUSTAINED** with the above stated exception.

As it relates to emails, if Plaintiff can properly lay the foundation for their admission, then they may be admitted.  As such, Defendant's objection is **OVERRULED**.

As it relates to the internal affairs report of investigation, to the extent it contains statements by Defendant that would be admissions then they would be admissible for that purpose.  As such, Defendant's objection is **OVERRULED** to that extent.

As it relates to the letter authored by Plaintiff, the letter would be hearsay so Defendant's objection is **SUSTAINED**.

As it relates to Plaintiff's declaration in support of his response to Defendants' summary judgment motion, the declaration would be hearsay so Defendant's objection is **SUSTAINED**.

 As it relates to the recorded conversation between Plaintiff and a family member, the conversation would be hearsay so Defendant's objection is **SUSTAINED**.

### Plaintiff's Motion to Request Blank Witness Subpoenas (Doc. 204)

Jones' Motion to Request Blank Witness Subpoenas (Doc. 204) is **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

**DATED:  August 30, 2024**

**STACI M. YANDLE**
**United States District Judge**